NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 7 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50104 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-00575-GPC-1 |
| v. | |
| RAFAEL LOPEZ-ONTIVEROS, AKA Rafael Ontiveros-Lopez, AKA Rafa, AKA Raton, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Submitted November 5, 2019**
Pasadena, California

Before: SCHROEDER and FRIEDLAND, Circuit Judges, and ROSENTHAL,*** District Judge.

Rafael Lopez-Ontiveros ("Lopez-Ontiveros") appeals his 168-month

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Lee H. Rosenthal, Chief United States District Judge for the Southern District of Texas, sitting by designation.

sentence following his plea of guilty to conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846.  We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).  We affirm.

1. The only issue identified for review in the opening brief is whether the district court deprived Lopez-Ontiveros of due process by failing to rule on his motion either to reveal the identity of a confidential informant ("CI") or, in the alternative, for the district court to conduct an *in camera* hearing with the CI.  As the Government explains in its answering brief and Lopez-Ontiveros concedes in his reply, the district court did rule on that motion.  During a March 17, 2017 hearing, the motion was denied, though the court explained that this result would change if the Government were to call the CI as a trial witness.  There can be no due process violation for failure to make a ruling that was in fact made.

2. To the extent Lopez-Ontiveros also challenges the district court's denial of the CI motion and contends that he suffered prejudice at sentencing as a result of information provided by the CI, those challenges fail.  As to the district court's denial of the motion, Lopez-Ontiveros's plea agreement waived his right to appeal that ruling.  Because Lopez-Ontiveros has not shown that this waiver is inapplicable or unenforceable, we will not review the merits of the district court's ruling.  *See United States v. Medina-Carrasco*, 815 F.3d 457, 461-63 (9th Cir. 2016).

2

As to Lopez-Ontiveros's contention that the district court improperly relied on the CI's statements at sentencing, this argument is belied by the record. The district court explained that it was unnecessary to rely on information from the CI to determine the quantity of methamphetamine at issue because that information was available from other sources, including Lopez-Ontiveros's plea agreement. With respect to other statements by the CI to which Lopez-Ontiveros had objected, the district court stated that it was "not going to consider those statements as a reason for whatever sentence" it imposed. Lopez-Ontiveros has not shown that the court nevertheless did so in either its calculation of the guidelines range or its ultimate sentencing determination. For example, to the extent Lopez-Ontiveros challenges the district court's 2-level adjustment, pursuant to § 3B1.1(c) of the United States Sentencing Guidelines Manual, for his having been an "organizer, leader, manager, or supervisor," the CI was not the source of the evidence from which the district court concluded that Lopez-Ontiveros had supervised at least one other participant in the crime. Moreover, Lopez-Ontiveros's counsel in effect conceded in the district court that there was sufficient evidence to support this adjustment.[1]

**AFFIRMED.**

---

[1] Because the argument that the district court improperly relied on information obtained from the CI fails under any standard, we need not resolve the parties' dispute about whether plain error review applies.